UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DYLAN MATHIAS ENGEL,

    Plaintiff,

  v.                                                                           Case No. 21-CV-1321-SCD

TWITTER, TWITTER SUPPORT
LILY SONGH, DYLANENGEL91 and
UNKNOWN,

    Defendants.

## REPORT & RECOMMENDATION TO DISMISS ACTION

On November 16, 2021, Dylan Engel filed a complaint without the assistance of counsel against Twitter and others for their maintenance of an online profile, @DylanEngel91, whom Engel accuses of identity theft. ECF No. 1 at 3. Engel alleges that he asked Twitter to remove this account and it has not done so. *Id.* Among other things, a complaint must provide a short and plain statement showing that the pleader is entitled to relief. Fed R. Civ. P. 8(a)(2). Even given the most liberal reading afforded to litigants without counsel, Engel's complaint is frivolous and has failed to state a claim upon which relief can be granted. Therefore, I recommend that the action be dismissed.

**REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Engel has requested a waiver of his filing fee. ECF No. 2. Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may

be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

## I. Ability to Pay - § 1915(a)

Engel is unemployed, unmarried, and does not have any dependents. ECF No. 2 at 1. He receives $890.55 per month in social security benefits. *Id.* at 2. He pays $740 per month in rent, has approximately $350 per month in credit card payments, and spends between $450 - $650 per month on expenses such as groceries, clothing, medical costs, and utilities. *Id.* He does not own any property or a car, and he has minimal savings of less than $2,000. *Id.* Based on this information, I find that Engel is unable to pay the fees and costs associated with commencing this action.

## II. Legal Sufficiency - § 1915(e)(2)

The second step of the inquiry requires me to analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, I may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Denton*, 504 U.S. at 32–33 (quoting *Neitzke*, 490 U.S. at 327).

Engel's complaint is clearly baseless and based on an indisputably meritless legal theory. Engel alleges the Twitter account "@DylanEngel91" is not him and "looks to be an identity theft." ECF No. 1 at 3. Engel does not provide any details to support this conclusory allegation. *See* ECF No. 1. Even accepting Engel's allegations as true—that there is someone

2

out there pretending to be him on Twitter—Engel's complaint does not implicate any federal laws. Furthermore, under 47 U.S.C. § 230, Twitter has no civil liability for information on its platform put there by its users. *See Chi. Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 672 (7th Cir. 2008) (explaining that § 230 proscribes "su[ing] the messenger" just because you don't like the message). Engel's complaint simply does not contain any claim upon which relief may be granted, and I therefore recommend that it be dismissed.

Engel has a history of filing frivolous complaints in this district. *Engel v. Bank Mut.*, No. 18-CV-204-JPS, 2018 WL 922186 (E.D. Wis. Feb. 15, 2018). As was true of his 2018 lawsuit, Engel's complaint is "nearly indecipherable." *See id.* at 2. For example, in his current complaint, Engel wrote, "due to 'Swine' flu influenza. A manufacturing error + UK antiviral took bureaucratic precedence, Remdesevir has been relabeled – Moderna or Pfizer – alt variations are initialized – due to email [illegible] and USA process." This sentence precedes Engel's claim that someone has stolen his identity on Twitter and his description of relief sought — that Twitter close the account @DylanEngel91. Engel's lone-decipherable claim, that another Twitter user shares his name, is not a legal theory upon which he can support a lawsuit against Twitter, or anyone else. Accordingly, I recommend that the motion for IFP be denied and the case be dismissed.

Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Accordingly, the clerk of court is directed to randomly assign this case to a district judge for consideration of the following recommendations: (1) that

this action be dismissed according to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous; and (2) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 19th day of November, 2021

_____
STEPHEN C. DRIES
United States Magistrate Judge